UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

STEVEN MENDEZ,

            Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CR-226 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 16, 2022, Defendant waived indictment and pleaded guilty to Count One of a Superseding Information charging him with Attempted Coercion and Enticement in violation of 18 U.S.C. § 2422(b). The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is sentenced to 135 months of incarceration, 10 years of supervised release with special conditions, a $100.00 special assessment, and a $5,000.00 special assessment under the Justice for Victims of Trafficking Act.

## BACKGROUND

On February 26, 2020, the Government filed a Complaint against Defendant alleging that on or about January 30, 2020 through February 25, 2020, Defendant used a means of interstate commerce to knowingly attempt to persuade, induce, entice, or coerce an individual who had not attained the age of 18 years to engage in sexual activity for which a person could be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b). ECF No. 1.

On June 25, 2020, a grand jury returned a two-count Indictment against Defendant charging him with Attempted Coercion and Enticement, in violation of 18 U.S.C. § 2422(b); and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). The Indictment also contains criminal forfeiture allegations as to both counts. ECF No. 14.

On February 16, 2022, Defendant waived indictment and pleaded guilty to Count One of a Superseding Information charging him with Attempted Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), pursuant to a plea agreement. ECF Nos. 28–30. On March 22, 2022, the

1

Court entered a Preliminary Order of Forfeiture of two cell phones and a thumb drive seized from Defendant. ECF No. 32. On July 12, 2022, the Court entered a Final Order of Forfeiture as to the cell phones and thumb drive. ECF No. 35.

## DISCUSSION

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, No. 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### II. Analysis

### A. The History and Characteristics of the Defendant and the Nature and Circumstances of the Offense

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

1. Family and Personal Background

Defendant was born on May 26, 1999 in New York, New York, to Joaquin Mendez and Hortencia Flores. *See* Presentence Investigation Report ("PSR") ¶ 38, ECF No. 36. Defendant's father operates a wood flooring and sanding company, and his mother is a homemaker. *Id.* Defendant has three siblings, with whom he has good relationships. *Id.* ¶ 39. Defendant communicates with his family regularly, and they aware of his conviction and remain supportive of him. *Id.* ¶¶ 38–39. Defendant was raised by his parents in Brooklyn but could not articulate his childhood experience due to head trauma he sustained after being hit by a car in 2008. *Id.* ¶ 41. Defendant's sister reported Defendant had his living needs met and neither witnessed any alcohol or controlled substances abuse in his home nor experienced any physical or sexual abuse. *Id.* During Defendant's high school years, he was a victim of verbal abuse because he struggled with his identity and sexuality. *Id.* ¶ 43. Prior to his arrest, Defendant resided with his family in Brooklyn, New York. *Id.* ¶ 47.

2. Educational and Employment History

Defendant completed high school on July 1, 2018 at Sunset Park High School. *Id.* ¶ 65. Defendant attended a few weeks of classes at Kingsborough Community College in September 2018 in pursuit of an associate degree in accounting. *Id.* ¶ 66. However, due to the infection he suffered after having appendicitis, Defendant missed many of his classes and did not resume classes the following semester. *Id.*

3

From the time Defendant was twelve years old until December 2019, he worked at his father's company. *Id.* ¶ 71. Defendant's father's company installs, designs, repairs, stains, and refinishes wood floors throughout New York City. *Id.* Defendant's responsibilities included performing administrative tasks from home, managing the company's finances, and acquiring materials for the company. *Id.* Defendant quit this job in January 2020 and was unemployed until his arrest for the instant offense. *Id.* ¶ 70.

3. Prior Convictions

Defendant has no prior convictions.

4. Medical and Mental Health

Defendant was hit by a car in 2008 and sustained head trauma resulting in memory loss. *Id.* ¶ 55. Defendant also had appendicitis in 2018, and developed an infection thereafter, but has since recovered. *Id.* Defendant tested positive for COVID-19 on January 19, 2021. *Id.* ¶ 54. Presently, Defendant is physically healthy. *Id.* ¶ 53.

Prior to Defendant's detainment at the Metropolitan Detention Center in Brooklyn, he had no record of mental, emotional, or gambling conditions. *Id.* ¶ 56. However, while detained at the MDC Defendant has been diagnosed with adjustment disorder with mixed anxiety and depressed mood, and was referred for monthly clinical interventions by a psychologist. *Id.* Defendant has marks on his thighs and a wrist due to his history of mutilating himself with a bladed object due to stress and sadness. *Id.* ¶ 53. Psychological records from the Bureau of Prisons ("BOP") report Defendant had one instance of self-harm prior to entering custody at MDC Brooklyn, but began mutilating himself at least once per week while detained. *Id.* Defendant reportedly stopped injuring himself in 2021 but is presently not eating well or taking

4

care of himself due to stress and sadness. *Id.* Defendant has been prescribed Inderal/Propranolol for anxiety and Lexapro for anxiety and depression. *Id.* ¶ 56.

Dr. N.G. Berrill conducted a psychosexual evaluation of Defendant, and reported Defendant suffers from polysubstance use/addiction, psychotic disorder, generalized anxiety disorder, paraphilic disorder, somatic symptoms disorder, and personality disorder. *Id.* ¶ 57. Dr. Berrill recommended Defendant receive ongoing psychiatric and psychological treatment, sex offender treatment, and substance abuse treatment. *Id.*

Defendant reported a history of suicidal ideation, beginning at age sixteen. *Id.* ¶ 58. Defendant developed increasingly recurring thoughts of suicidal ideation after being detained for the instant offense. *Id.* In 2021, these ideations reportedly subsided because Defendant recognized he needed to "be there for his family." *Id.*

5. <u>Substance Abuse</u>

Defendant has used alcohol, marijuana, oxycodone, and a drug called "chinita" which the Probation Department believes to be suboxone. *Id.* ¶ 60. Defendant briefly used marijuana when he was eighteen or nineteen, but has not used marijuana since then. *Id.* ¶ 61. From age twenty to the days before his arrest, Defendant consumed alcohol at least twice weekly, and Defendant attributed his alcoholism to extreme sadness. *Id.* Defendant reported abusing oxycodone following his appendicitis surgery. *Id.* ¶ 62. Since being detained at MDC Brooklyn, Defendant has used suboxone daily, becoming "more or less . . . addicted to it." *Id.*

6. <u>Nature and Circumstances of the Offense</u>

The instant investigation was conducted by members of the Border Enforcement Security Task Force with the Department of Homeland Security after learning from a confidential source who knew Defendant that the Defendant expressed a desire to sexually abuse children. *Id.* ¶ 4.

5

On January 30, 2020, a law enforcement agent communicated with Defendant, posing as the confidential source and using the confidential source's mobile phone and username on the instant messaging mobile application, Kik Messenger. *Id.* ¶ 5. The law enforcement agent posing as the confidential source communicated with Defendant about a fictitious three-year-old nephew whom he stated he sexually abused. *Id.* Defendant repeatedly contacted the law enforcement agent posing as the confidential source and expressed a desire to watch and to engage in the sexual abuse of the nephew. *Id.* ¶¶ 6–7. Through continued conversations with the Defendant, law enforcement learned of his name and address, and Defendant and the law enforcement agent posing as the confidential source planned a specific time to sexually abuse and to record the abuse of the nephew. *Id.* ¶ 8–12. Through these messages Defendant also expressed a desire to sexually assault other children. *Id.* ¶ 9.

On February 25, 2022, Defendant arrived at the house at which the abuse would take place, and law enforcement arrested him without incident. *Id.* ¶ 12. After his arrest, Defendant admitted to the conduct described above, and stated he possessed child pornography at his apartment in Brooklyn and on one of his cellphones which he possessed at the time of his arrest. *Id.* ¶ 13. Defendant possessed at least 150 video files and more than 50 images of child pornography. *Id.* ¶ 14.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

6

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The instant sentence recognizes the seriousness of the Defendant's offense, which involved the attempt to sexually abuse a three-year-old child. The Court's sentence will deter others from engaging in similar acts and justly punishes Defendant for his offense.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to one count of Attempted Coercion and Enticement in violation of 18 U.S.C. § 2422(b). For this offense, Defendant faces a minimum term of imprisonment of ten years, and a maximum term of life imprisonment. 18 U.S.C. § 2422(b). Defendant also faces a minimum term of supervised release of five years, and a maximum term of life supervision. 18 U.S.C. § 3583(k). Defendant is ineligible for probation because the offense is a Class A Felony. 18 U.S.C. § 3561(a)(1).

Pursuant to the Justice for Victims of Trafficking Act of 2015, Defendant faces a mandatory assessment of $5,000.00. 18 U.S.C. § 3014(a)(2). Defendant also faces a maximum fine of $250,000.00 under 18 U.S.C. § 3571. Probation notes Defendant does not appear able to pay a fine. PSR ¶ 76.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

7

The applicable guideline for 18 U.S.C. § 2422(b) offenses is U.S.S.G. § 2G1.3. Because the offense involved interstate travel from New York to New Jersey with the intent to engage in a sexual act with a minor who had not attained the age of twelve years, the cross-reference to U.S.S.G. § 2A3.1 applies, providing a base offense level of 30. A four-level increase is warranted pursuant to U.S.S.G. § 2A3.1(b)(2) because Defendant was convicted under a statute other than 18 U.S.C. § 2241(c) and the victim had not attained the age of twelve years. As the offense involved the use of a computer or an interactive computer service to facilitate transportation by a participant to engage in prohibited sexual conduct, two levels are added pursuant to U.S.S.G. § 2A3.1(b)(6).

As Defendant has demonstrated acceptance of responsibility for the offense, a two-level reduction is applied under U.S.S.G. § 3E1.1(a). Finally, because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one additional level pursuant to U.S.S.G. § 3E1.1(b). Defendant's total offense level is therefore 33.

Defendant has no prior convictions, resulting in a criminal history score of zero. According to the sentencing table at U.S.S.G. Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I. Based upon a total offense level of 33 and a criminal history category of I, the guideline imprisonment range is 135 to 168 months.

Probation recommends a below-guidelines sentence of 120 months of incarceration followed by five years of supervised release with special conditions. The Government recommends a sentence of 135 months of incarceration. The defense recommends a below-guidelines sentence of 120 months of incarceration to be followed by ten years of supervised release.

8

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5). Pursuant to U.S.S.G. § 5K2.21, the Court may consider the Defendant's possession of child pornography, as this conduct underlies a charge the Government will dismiss as a part of the plea agreement in this case, and which did not enter into the determination of the applicable guideline range. The Sentencing Commission has also included a policy statement under U.S.S.G. § 5D1.2 recommending the statutory maximum term of supervised release if the conviction is a sex offense. The Court has considered these statements in fashioning the appropriate sentence in this case.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case.

## CONCLUSION

The Court finds that a sentence of 135 months of incarceration and 10 years of supervised release with special conditions is appropriate. The Court additionally imposes the $100.00

9

mandatory special assessment as well as the mandatory special assessment of $5,000.00 under the Justice for Victims of Trafficking Act. The Court does not impose a fine because the Defendant does not have the ability to pay.

This sentence is consistent with and is sufficient but not greater than necessary to accomplish the purposes of § 3553. The Court also expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein and to the extent they are not inconsistent with the Court's sentence.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 21, 2022
       Brooklyn, New York